IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joan Mejia Holguin, | : | |
| | : | |
| Petitioner, | : | Case No. 1:26-cv-304 |
| | : | |
| v. | : | |
| | : | Judge Susan J. Dlott |
| Kevin Raycraft in his Official Capacity | : | |
| as Acting Field Office Director of | : | |
| Enforcement and Removal Operations, | : | Order Granting Habeas Petition |
| Detroit Field Office, Immigration and | : | |
| Customs Enforcement, *et al.*, | : | |
| | : | |
| Respondents. | : | |

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Habeas Petition") filed by Petitioner Joan Mejia Holguin, a citizen of Colombia.  (Doc. 1.)  Mejia Hulguin challenges his detention at the Butler County, Ohio Jail in the custody of Respondents, including the United States Immigration and Customs Enforcement ("ICE").  He argues that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1225(b) and 1226(a).  The Court holds here that Mejia Holguin, who was detained after entering the United States, released and paroled in November 2022, and re-detained in March 2026, is entitled to a bond hearing under § 1226(a).  His continued detention without a bond hearing violates the INA and his due process rights.  The Court will **GRANT** the Habeas Petition.[1]

---

[1]  The Court already has granted habeas relief in other immigration cases with analogous facts.  *See e.g.*, *Badalov v. Noem*, No. 1:26-cv-162, 2026 WL 943586 (S.D. Ohio Apr. 8, 2026); *Singh v. Noem*, No. 1:26-cv-136, 2026 WL 962003 (S.D. Ohio Apr. 9, 2026); *Bajwa v. Raycraft*, No. 1:26-cv-242, 2026 WL 1029670 (S.D. Ohio Apr. 15, 2026).

1

## I.     BACKGROUND

### A.     Factual History

On August 10, 2022, Mejia Holguin entered the United States into California from Mexico without proper legal documentation and without being inspected by an Immigration Officer.  (Doc. 9-1 at PageID 125–127; Doc. 9-2 at PageID 132.)  A U.S. Border Patrol Agent encountered and arrested him approximately one mile north of the border that same day.  (*Id.* at PageID 126.)  The Department of Homeland Security ("DHS") initiated expedited removal proceedings under INA § 235(b), 8 U.S.C. § 1225(b)(1).  (Doc. 9-2 at PageID 128.)  Mejia Holguin expressed a fear of returning to Colombia, and DHS determined after an interview that Mejia Holguin had a credible fear of persecution on August 26, 2022.  (Doc. 1-1 at PageID 33–36; Doc. 9-1 at PageID 125.)

On September 8, 2022, DHS issued a Notice to Appear ordering Mejia Holguin to appear before an Immigration Judge of the Department of Justice ("DOJ") in Texas on September 16, 2022 in regular removal proceedings under INA § 240, 8 U.S.C. § 1229a.  (Doc. 1-1 at PageID 48.)  On the Notice to Appear form, DHS checked the box stating that Mejia Holguin was "an alien present in the United States who has not been admitted or paroled after inspection by an Immigration Officer."  (*Id.*)  DHS did not check the two alternative boxes stating that he was "an arriving alien" or that he had been "admitted to the United States, but [was] removable for the reasons stated below."  (*Id.*)  DHS made the following allegations:

1. You are not a citizen or national of the United States;

2. You are a native of Colombia and citizen of Colombia;

3. You arrived in the United States at an unknown location on or about 8/10/2022;

4. You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document;

5. You were not then admitted or paroled after inspection by an Immigration Officer.

(*Id.*)  DHS charged Mejia Holguin with violations of INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(6)(A)(i), and INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i)(I).  (*Id.*)

On October 31, 2022, Mejia Holguin filed a DHS Form 1-589 Application for Asylum and Withholding of Removal.  (Doc. 1 at PageID 11; Doc. 9 at PageID 113.)

On November 22, 2022, DHS released and paroled Mejia Holguin for a period of one year while his removal proceedings continued.  (Doc. 1-1 at PageID 31.)  He has been residing in southwest Ohio.  (Doc. 1 at PageID 11; Doc. 1-1 at PageID 65.)  Absent evidence to the contrary in the record, the Court assumes that the period of parole expired on November 22, 2023, but DHS did not take him back into custody at that time.

On July 18, 2023, Mejia Holguin filed a pleading admitting to the factual allegations in the Notice to Appear and conceding the charges of removability.  (Doc. 9-4 at PageID 136.)  He continued to contest his removability by seeking asylum and withholding of removal.  (*Id.*)

On March 2, 2026, DHS filed a Motion to Pretermit Respondent's Protection Applications in the immigration proceedings on the basis that Mejia Holguin could be removed to the third-party countries of Ecuador or Honduras without the fear of persecution.  (Doc. 1-1 at PageID 51–58.)  On March 12, 2026, the Immigration Judge granted the Motion to Pretermit and ordered Mejia Holguin to be removed to Ecuador or Honduras.  (Doc. 1-1 at PageID 59–62; Doc. 9-6 at PageID 142.)  Mejia Holguin has appealed that decision to the Board of Immigration Appeals.  (Doc. 1-1 at PageID 63–65.)

ICE arrested and took Mejia Holguin into custody at his check-in appointment on March 17, 2026.  (Doc. 9-7 at PageID 144–146.)  ICE is detaining Mejia Holguin at the Butler County Jail pending removal.  (Doc. 1-1 at PageID 66; Doc. 9-7 at PageID 146.)  Mejia Holguin has no

3

criminal history.  (Doc. 9-7 at PageID 145.)

**B.      Procedural Posture**

Mejia Holguin filed his Habeas Petition on March 25, 2026 against Respondents Kevin Raycraft in his official capacity as the Director of the Detroit Field Office of ICE's Enforcement and Removal Operations; Markwayne Mullin in his official capacity as the Secretary of DHS; and Robert Lynch is his official capacity as the Field Officer Director for ICE's Detroit Field Office.  (Doc. 1 at PageID 1, 7.)  Mejia Holguin alleges that mandatory detention is unlawful and that he is entitled to a custody redetermination hearing—a bond hearing—under 8 U.S.C. § 1126(a) and the Due Process Clause of the Fifth Amendment.[2]  (*Id.* at PageID 13–16, 20–26.)

Respondents filed their Return of Writ denying that Mejia Holguin is entitled to relief.  (Doc. 9.)  They argue that Mejia Holguin is subject to mandatory detention under § 1225(b)(1)(B)(ii) for the duration of his removal proceedings despite the fact that he was granted parole and released from detention in November 2022.  (*Id.* at PageID 117–119.)  They also deny that he is entitled to habeas relief under the Due Process Clause.  (*Id.* at PageID 119, 121–123.)  Finally, Mejia Holguin filed a Reply brief in support of his Habeas Petition.  (Doc. 11.)

**II.     LAW AND ANALYSIS**

**A.      INA**

Mejia Holguin argues that his detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to a custody redetermination hearing—a bond hearing.  Respondents contend that Mejia Holguin's detention is governed by 8 U.S.C. § 1225(b)(1)(B)(ii) and that he is not entitled to a bond hearing.  As explained below, the Court is persuaded that "[d]etention under § 1226(a)

---

[2]  Mejia Holguin also asserts that he is entitled to relief under the Administrative Procedure Act, the Suspension Clause of the United States Constitution, and the Fourth Amendment.  (Doc. 1 at PageID 16–20, 26–28.)  The Court need not address those claims, because it is awarding relief under the INA and the Due Process Clause.

attaches where DHS encounters a noncitizen within the interior [of the United States] after admission or after a substantial period of continuous presence." *Ortiz Guiterrez v. Raycraft*, No. 1:26-cv-69, — F.Supp.3d —, 2026 WL 456065, at *3 (S.D. Ohio Feb. 18, 2026).  Meija Holguin has been living in the United States, at least most recently in southwest Ohio, since he was released on parole in November 2022.

Detention is not mandatory under 8 U.S.C. § 1226(a) because of the statute's use of the term "may."  Section 1226(a) provides that "an alien *may be arrested and detained* pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez-Campos v. Raycraft*, 797 F.Supp.3d 771, 777 (E.D. Mich. 2025) (stating that noncitizens under § 1226(a) "have a right to request a custody redetermination (*i.e.,* bond hearing) before an Immigration Judge") (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  The Immigration Judge then "evaluates whether there is a risk of nonappearance or danger to the community."  *Lopez-Campos*, 797 F.Supp.3d at 777.  The Supreme Court has explained, albeit in dicta, that § 1226(a) generally applies to give Government discretion "to detain certain aliens *already in the country* pending the outcome of removal proceedings."  *Jennings*, 583 U.S. at 289 (emphasis added).

Respondents contend that because Mejia Holguin was initially detained under 8 U.S.C. § 1225(b)(1)(B)(ii) for expedited removal proceedings, he is still subject to mandatory detention under that provision even after being released on parole.  The provision applies to noncitizens "arriving in the United States" and certain other aliens who "indicate[] either an intention to apply for asylum under section 1158 of this title or a fear of persecution."  8 U.S.C.

§ 1225(b)(1)(B)(ii).  The certain other aliens include those who "*[have] not been admitted or paroled* into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph."  8 U.S.C. § 1225(b)(1)(A)(iii)(II) (emphasis added).  The Supreme Court in *Jennings* described the initial process under which Mejia Holguin was detained:

> Aliens covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) alien "indicates either an intention to apply for asylum ... or a fear of persecution," then that alien is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii).

*Jennings*, 583 U.S. at 287.  An exception to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) allows DHS to parole a detainee for "urgent humanitarian reasons or significant public benefit."  *Id.* at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).  DHS paroled Mejia Holguin into the United States under § 1182(d)(5)(A) on November 2, 2022.  (Doc. 1-1 at PageID 31.)  The parole expired after one year.  (*Id.*)

The Court rejects Respondents' contention that DHS has authority to detain Mejia Holguin for the duration of his removal proceedings without a bond hearing under 8 U.S.C. § 1225(b)(1) even after releasing him on parole.  The decision in *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559 (D. Colo. Mar. 4, 2026), is persuasive.  The district court in *Rafibaev* held that a noncitizen who was re-detained by ICE almost two years after he had entered the United States, and after his parole had expired, was entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id.* at *1, 4–5.  The *Rafibaev* court suggested that it did not make sense to hold that a noncitizen who had been in the country for two years was subject to mandatory detention under § 1225(b)(1) because that provision only applies to noncitizens who are arriving or who have not

6

been admitted or paroled in the United States.  *Id.* at \*2, 4; *see also*, *e.g.*, *Martinez Herrera v. Olson*, No. 4:26-CV-52, 2026 WL 561101, at \*1–5 (W.D. Ky. Feb. 27, 2026) (holding that a noncitizen granted parole and then re-detained more than two years later was not subject to expedited removal under § 1225(b)(1) and was entitled to a bond hearing under § 1226(a)); *Qasemi v. Francis*, No. 25-CV-10029, 2025 WL 3654098, at \*11–12 (S.D.N.Y. Dec. 17, 2025) (stating that a noncitizen whose parole terminates "is not reverted by operation of law to status as an arriving alien" and that their re-detention "must be conducted under the discretionary framework of Section 1226(a)"); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at \*6 (E.D. Mich. Oct. 29, 2025) (holding "neither § 1225(b)(1)(A)(i) nor § 1225(b)(1)(A)(iii)(II) authorize expedited removal of noncitizens who have been paroled into the United States, regardless of the status of that parole").  This Court agrees.  Mandatory detention under § 1225(b)(1) applies only to arriving aliens or aliens who have not been paroled.  Because Mejia Holguin was paroled and living in the United States for more than three years before he was re-detained, his detention is governed by § 1226(a).  *See Badalov*, 2026 WL 943586, at \*4–5.

**B.      Due Process**

Mejia Holguin also alleges that the failure to provide him with a bond hearing violates his due process rights.  Respondents argue due process does not require a bond hearing for a noncitizen detained pursuant to 8 U.S.C. § 1225(b)(1).  They argue that under Supreme Court precedent a noncitizen seeking initial entry into the country has "only those [due process] rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–140 (2020).  That defense fails at the onset because the Court has held that Mejia Holguin's detention is governed by 8 U.S.C. § 1226(a), under which bond hearings are provided, and not by § 1225(b)(1).  This Court's holding is consistent with

7

*Thuraissigiam* insofar as the Supreme Court also noted that noncitizens "who have established connections in this country have due process rights in deportation proceedings." 591 U.S. at 107.

This Court is persuaded that detaining Mejia Holguin under § 1225(b)(1) deprived him—and continues to deprive him—of due process rights under the Fifth Amendment. "Non-punitive detention in the immigration context violates the Due Process Clause, absent adequate procedural protections or a special justification outweighing a petitioner's liberty interest." *Ortiz Gutierrez*, 2026 WL 456065, at *4 (cleaned up). As such, "detention [under § 1226(a)] is discretionary and constitutionally constrained by due process." *Id*. (citation omitted). The Court finds that Respondents violated Mejia Holguin's due process rights by enforcing mandatory detention under § 1225(b)(1). The Court turns then to the matter of what process is due to Mejia Holguin.

The three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), strongly supports Mejia Holguin's due process right to a bond hearing.[3] As to the first factor—the private interest affected—Mejia Holguin's Fifth Amendment right to be free from deprivation of liberty is at stake. He has a significant liberty interest in avoiding detention, and especially detention indistinguishable from criminal incarceration. Mejia Holguin has a pending appeal related to his request for asylum, and Respondents created a liberty interest when they granted him parole. *See Azalyar v. Raycraft*, 814 F.Supp.3d 926, 933–934 (S.D. Ohio 2026).

---

[3] The Supreme Court stated due process requires consideration of three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

His detention without a bond hearing impinges on his liberty.  As to the second factor, an individualized bond redetermination hearing provides a mechanism for the Immigration Judge to determine whether Mejia Holguin poses a flight risk or danger to the community.  That reduces the risk of erroneous deprivation of his right not to be deprived of liberty without due process.  *See, e.g.*, *Lopez-Campos*, 797 F.Supp.3d at 785.  Finally, the last factor is neutral.  The Government has a legitimate interest in ensuring noncitizens' appearance at removal proceedings and prevent harm to the community, but nothing in the record before this Court suggests that detention of Mejia Holguin is necessary to further the Government's interest.  The Government has not shown that a due process-compliant individualized bond hearing would impose undue administrative or financial costs.

In sum, the *Mathews* factors favor Mejia Holguin and compel the holding that mandatory detention of Mejia Holguin under § 1225(b)(1) violates his Fifth Amendment right to due process.  *See Del Villar v. Noem*, No. 4:25-cv-00137-GNS, 2025 WL 3231630, at *6–7 (W.D. Ky. Nov. 19, 2025) (all three factors favor the petitioner); *Lopez-Campos*, 797 F.Supp.3d at 784–785 (applying *Mathews*); *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-2061, 2025 WL 3187080, at *8 (N.D. Ohio Nov. 14, 2025) (summary conclusion of due process violation and collecting cases).

## C.     Attorney Fees and Costs

Mejia Holguin seeks attorney fees and costs.  (Doc. 1 at PageID 30.)  The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ."  28 U.S.C. § 2412(b).  The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute

and the local rules.

### III.    CONCLUSION

For the reasons stated above, the Court **FINDS** that Mejia Holguin is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) but instead is detained under 8 U.S.C. § 1226(a).  Therefore, detaining him without a bond hearing violates his statutory rights and due process rights under the Fifth Amendment.  The Court **ORDERS that within seven days of entry of this Order,** Respondents shall either (1) provide Mejia Holguin with a due process compliant, individualized bond redetermination hearing before an Immigration Judge, at which the Government shall bear the burden of persuasion justifying his continued detention; or (2) release Mejia Holguin from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Mejia Holguin from custody, then:

> (1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;
>
> (2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;
>
> (3) Respondents shall bear the burden of persuasion of justifying Petitioner's continued detention and adduce clear and convincing evidence that Petitioner is a danger to the community.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026); *Azalyar*, 814 S.Supp.3d at 935; and
>
> (4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as

Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further **ORDERS that within ten days of entry of this Order**, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Mejia Holguin was released from custody.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge