IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joan Mejia Holguin,                            :
                                               :
        Petitioner,                            :          Case No. 1:26-cv-304
                                               :
        v.                                     :
                                               :          Judge Susan J. Dlott
Kevin Raycraft in his Official Capacity        :
as Acting Field Office Director of             :
Enforcement and Removal Operations,            :          Order Granting Habeas Petition
Detroit Field Office, Immigration and          :
Customs Enforcement, *et al.*,                 :
                                               :
        Respondents.                           :

On April 23, 2026, this Court issued an Order requiring Respondents (a) to provide Petitioner Joan Mejia Holguin with a due process compliant individualized bond redetermination hearing or (b) to release him from custody.  (Doc. 12.)  The parties filed Joint Status Report and Petitioner's Unopposed Motion for Subsequent Bond Hearing on May 4, 2026.  (Doc. 14.)  The parties state that an Immigration Judge held a bond hearing on April 29, 2026 and denied bond finding Petitioner to be a flight risk.  But Petitioner and his counsel assert that, even though notice was mailed to Petitioner at the Bulter County Jail, neither of them received notice of the bond hearing.  Petitioner's counsel states that he will enter a notice of appearance in the Immigration Court to avoid a recurring problem.[1]

Petitioner moves the Court to order a new bond hearing so that he and his counsel can attempt to refute the contention that he is a flight risk.  Because Respondents do not oppose the Motion, and to satisfy the dictates of due process, the Court **GRANTS** the Unopposed Motion

---

[1]  Counsel asserts that his appearance in Petitioner's removal proceedings was not sufficient to provide him notice for the bond hearing.  He will remedy that problem.

1

for Subsequent Bond Hearing (Doc. 14).

The Court again **ORDERS that within seven days of entry of this Order,** Respondents shall either (1) provide Mejia Holguin with a due process compliant, individualized bond redetermination hearing before an Immigration Judge, at which the Government shall bear the burden of persuasion justifying his continued detention; or (2) release Mejia Holguin from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Mejia Holguin from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion of justifying Petitioner's continued detention and adduce clear and convincing evidence that Petitioner is a danger to the community.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026); *Azalyar*, 814 S.Supp.3d at 935; and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

The Court further **ORDERS that within ten days of entry of this Order**, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Mejia Holguin was released from custody.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

2